UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES JOHNSON, | CIV. 19-4017-LLP |
| Plaintiff, | ORDER |
| vs. | |
| WELLMARK OF SOUTH DAKOTA, INC. d/b/a/ WELLMARK BLUE CROSS AND BLUE SHIELD OF SOUTH DAKOTA, | |
| Defendant. | |

Plaintiff, James Johnson ("Johnson"), filed a complaint against defendant Wellmark Blue Cross and Blue Shield of South Dakota ("Wellmark") challenging Wellmark's denial of benefits under an employer-sponsored health insurance plan ("Plan") governed by the Employee Retirement Income Security Act ("ERISA"). Pending before the Court is Wellmark's Motion to Limit Case to the Administrative Record. Doc. 10. The motion has been fully briefed by the parties.

In support of its motion, Wellmark argues that because it has discretionary authority under the Plan to determine benefit eligibility and construe the terms of the Plan, the Court must review its benefits determination for abuse of discretion and must confine its review to the administrative record. Wellmark requests that the Court enter an order limiting discovery regarding, and consideration of, the case to the administrative record and for an amended scheduling order setting forth the dates for production of the administrative record and the parties' briefing deadlines with no trial date or other discovery deadline. Docs. 11, 14.

In opposition, Johnson argues, in part, that *de novo* review is appropriate because the discretionary clause included in the Plan is prohibited under South Dakota law. Doc. 12 at 3. Johnson cites to Rule 20:06:52 of the Administrative Rules of South Dakota provides that:

> A discretionary clause is not permitted in any individual or group health policy. No policy offered or issued in this state by a health carrier or plan to provide, deliver, arrange for, pay for, or reimburse any of the costs of health care services may contain a discretionary clause or similar provision purporting to reserve discretion to the health carrier or plan to interpret the terms of the policy or to

1

provide standards of interpretation or review that are inconsistent with the laws of this state. The provisions of this rule apply to any health insurance policy issued or renewed after June 30, 2008.

A.R.S.D. 20:06:52:02.

A district court may review evidence outside the administrative record in determining the proper standard of review in a challenge to a denial of benefits involving an ERISA-governed health benefits plan. *See Ingram v. Terminal R.R. Ass'n of St. Louis Pension Plan for Nonschedule Employees*, 812 F.3d 628, 634 (8th Cir. 2016) (stating that the district court proceeded properly in inviting parties to submit additional evidence addressing standard-of-review issues and then disregarding that evidence in reviewing the administrator's decision for abuse of discretion).

Accordingly, it is hereby ORDERED that:

1) Johnson shall file with the Court on or before February 3, 2020, an affidavit and evidence showing when the policy at issue in this case was issued and whether the policy was renewed after June 30, 2008, and before August 28, 2018, at which time Johnson received his final benefit denial letter;

2) Wellmark shall have an additional seven (7) calendar days after Johnson files such documents to file a response; and

3) Johnson shall have an additional seven (7) calendar days after Wellmark files its response to file a reply.

Dated this 27th day of January, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK